Joshua CORDOVA, Appellant,

v.

SOUTHWESTERN BELL YELLOW PAGES, INC., Appellee.

No. 08–03–00362–CV.

Court of Appeals of Texas, El Paso.

Aug. 12, 2004.

sworn account and alleged breach of contract and quantum meruit. Cordova then filed an answer in which he pled the affirmative defenses of failure of consideration, breach of contract, misrepresentation, and fraud. He also filed a counterclaim requesting that the contract be rescinded or cancelled due to material misrepresentations—that his advertisement would be the largest in his advertising category and at the top of the page—fraud in the inducement, breach of contract, and violations of the Texas Deceptive Trade Practices Act.

After a bench trial, the trial court awarded judgment in favor of SWBYP for $7,092.18 plus $20,885 in attorney's fees. Cordova appeals only the fee award in ten issues for review. He does not complain of the contingent appellate fees.

Tony R. Conde, Jr., El Paso, for Appellant.

Stuart R. Schwartz, El Paso, for Appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Joshua Cordova appeals from the trial court's award of attorney's fees in favor of Southwestern Bell Yellow Pages (SWBYP) in connection with its suit to collect an unpaid advertising debt. We reform the judgment due to a mathematical error and affirm the judgment as reformed.

### FACTUAL AND PROCEDURAL SUMMARY

Upon Cordova's failure to pay his advertising bill of $7,092.18, SWBYP sued on a

### THE EVIDENCE AT TRIAL

The evidence pertaining to attorney's fees came from three sources: (1) testimony of SWBYP's attorney Stuart Schwartz, (2) testimony from Tony Conde, Cordova's counsel, and (3) billing statements admitted into evidence as Plaintiff's Exhibit 10. Schwartz testified that he received the file on June 21, 2001 and prepared a demand letter and petition. When Cordova did not respond to the demand letter, suit was filed. He had difficulty locating Cordova and in August, he prepared a judgment of certificate of his last known address. Before the certificate was filed, Cordova answered and filed his counterclaim, which in addition to seeking rescission, also sought economic and exemplary damages. Schwartz not only had to prepare the collection suit, he had to defend Cordova's claims of fraud and deceptive trade practices. He did not learn until the day of trial that Cordova admittedly had no evidence to support his claims.

Schwartz testified that he believed the billing statements contained in Plaintiff's Exhibit 10 totaled $17,590.[1] This figure did not include the 23.25 hours he spent in preparation for trial. What would have been a simple case had become substantially more difficult due to Cordova's counterclaims. Schwartz believed the respective claims of the parties were interrelated and that he needed to defend the counterclaims in order for SWBYP to recover. He testified that the fees were reasonable and necessary for El Paso County and that he was the only board certified attorney in creditors' rights law in town. On cross-examination, Schwartz acknowledged that the case was originally taken on a contingency basis but that when the counterclaim arose, he reverted to an hourly fee of $150. His normal hourly rate was between $200 and $225.

Tony Conde, Cordova's attorney, testified that he had been licensed in Texas since 1981 and had practiced in El Paso since 1983, primarily in civil litigation. When Conde agreed to represent Cordova, he indicated that the case was straightforward and that a large amount of attorney's fees would not be incurred. Conde believed that even with Cordova's counterclaim, fees would be limited to $1,500 or $2,000. He believed a fee of $20,000 was not reasonable, necessary, or customary. Conde admitted that written discovery was conducted, including interrogatories, requests for disclosure and responses, and requests for production. Cordova was deposed twice and his half-brother was deposed once. Discovery disputes arose, motions to compel were filed, and hearings were held. Conde admitted that he realized that Cordova did not have any lost profits the year before trial.

## TRIAL COURT'S CALCULATION

This appeal proceeds without the benefit of formal findings of fact and conclusions of law. However, the trial court detailed her calculations in her ruling:

The attorney's fees. The 17,595 [2] previously requested will be awarded, minus the 1.5 hours which are the items set out in the April 7th bill.[3] ... And then the April bill totaling $3,485 [4] is awarded. ... The judgment provides for attorney's fees of $20,885.[5]

## ATTORNEY'S FEES

 A determination of reasonable attorney's fees is a question for the trier of fact. *Stewart Title Guaranty Co. v. Sterling*, 822 S.W.2d 1, 12 (Tex.1991). However, the appellate court has the duty to reduce the award if it is excessive. *Southland Life Insurance Co. v. Norton*, 5 S.W.2d 767 (Tex.Comm'n App.1928, holding approved); *Capitol Life Insurance Company v. Rutherford*, 468 S.W.2d 535 (Tex.Civ.App.-Houston [1st Dist.] 1971, no writ). The amount of a fee award fees rests in the sound discretion of the trial court, and its judgment will not be re-

---

1. Schwartz actually testified that he had not totaled the statements, but Conde had represented the total at $17,590 in his controverting affidavit.

2. As we have explained, the actual testimony established the amount at $17,590.

3. Schwartz testified that he recorded 1.5 hours at the rate of $150 on three dates in February and March. These were not billed until the day before trial. The trial court concluded the time sheets should have been produced when reduced to writing. Because they had not been produced in discovery, they were excluded.

4. Schwartz testified that he had billed 23.25 hours in trial preparation, which at a rate of $150 per hour would total $3,487.50.

5. The sums announced by the court actually total $20,855.

versed on appeal absent a clear abuse of discretion. *Rowley v. Lake Area Nat'l Bank,* 976 S.W.2d 715, 724 (Tex.App.-Houston [1st Dist.] 1998, pet. denied). Even though the appropriate standard of review is abuse of discretion, we may nevertheless review a fee award for sufficiency of the evidence. *Stewart Title Guaranty Co.,* 822 S.W.2d at 11. This hybrid analysis requires a two-pronged inquiry. Did the trial court have sufficient information upon which to exercise discretion and, if so, did the trial court err in the application of its discretion? The traditional sufficiency review comes into play with regard to the first question; however, our inquiry cannot stop there. We must proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision. Stated inversely, we must conclude that the trial court's decision was neither arbitrary nor unreasonable. *See Lindsey v. Lindsey,* 965 S.W.2d 589, 592 (Tex.App.-El Paso 1998, no pet.).

### Entitlement to Fees

■■■■ A party may recover reasonable attorney's fees if it prevails and recovers damages on a cause of action for which attorney's fees are recoverable. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 38.001 (Vernon 1997); *Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex.1997). A person may recover reasonable fees in addition to the amount of a valid claim and costs if the claim is for (1) rendered services; (2) performed labor; (3) furnished material; (4) freight or express overcharges; (5) lost or damaged freight or express; (6) killed or injured stock; (7) a sworn account; or (8) an oral or written contract. TEX.CIV.PRAC. & REM.CODE ANN. § 38.001. The statute also allows for the recovery of fees in a suit for quantum meruit. *See Olivares v. Porter Poultry & Egg Co.,* 523 S.W.2d 726 (Tex. Civ.App.-San Antonio 1975, no writ)(involving a quantum meruit claim for materials

furnished). All three causes of action pled by SWBYP fall within Section 38.001. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 38.001(1), (7), (8). A fee award to the prevailing party is mandatory under the statute if there is proof of the reasonableness of the fees. *See World Help v. Leisure Lifestyles, Inc.,* 977 S.W.2d 662, 683 (Tex.App.-Fort Worth 1998, pet.denied), *citing Atlantic Richfield Co. v. Long Trusts,* 860 S.W.2d 439, 449 (Tex.App.-Texarkana 1993, writ denied), *Budd v. Gay,* 846 S.W.2d 521, 524 (Tex.App.-Houston [14th Dist.] 1993, no writ). A trial court has limited discretion to fix the amount of attorney's fees, but it does not have the discretion to completely deny fees if they are proper under Section 38.001. *World Help,* 977 S.W.2d at 683, *citing Budd,* 846 S.W.2d at 524.

### Necessary Fees

In Point of Error No. Two, Cordova contends that the fees were unnecessary. Some statutes authorize recovery of attorney's fees only if the fees are both "reasonable" and "necessary." Such is the case with the Texas Deceptive Trade Practices Act. *See Murrco Agency, Inc. v. Ryan,* 800 S.W.2d 600, 606 (Tex.App.-Dallas 1990, no pet.), *citing Green Tree Acceptance, Inc. v. Pierce,* 768 S.W.2d 416, 424–25 (Tex.App.-Tyler 1989, no writ); TEX. BUS. & COM.CODE ANN. § 17.50(d) (Vernon 2002). The Texas Uniform Declaratory Judgments Act also requires a showing that the fees are necessary. *See Barshop v. Medina County Underground Water Conservation Dist.,* 925 S.W.2d 618, 637 (Tex.1996); *Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex.1985). However, the fees here were awarded pursuant to Section 38.001, which contains no requirement that fees be both reasonable and necessary. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 38.001 (claimant may recover "reason-

able" attorney's fees). Point of Error No. Two is overruled.

### Inequitable and Unjust

In Point of Error No. Three, Cordova complains that the fees were inequitable while in Point of Error No. Four, he maintains that the fees were unjust. He directs us to *Abraxas Petroleum Corp. v. Hornburg,* 20 S.W.3d 741 (Tex.App.-El Paso 2000, no pet.) in support of his argument. His reliance is misplaced, however, since *Abraxas* involved fees awarded pursuant to the Declaratory Judgments Act, not Section 38.001. *See id.* at 762. To recover under the Declaratory Judgments Act, the prevailing party must demonstrate not only that the fees are reasonable and necessary but that the award is equitable and just. *See Barshop,* 925 S.W.2d at 637; *Oake,* 692 S.W.2d at 455. When fees are awarded under Section 38.001, the prevailing party must establish only that the fees are reasonable. *See* Tex.Civ.Prac. & Rem.Code Ann. § 38.001. Points of Error Nos. Three and Four are overruled.

### Segregation of Fees

In Point of Error No. Nine, Cordova claims that some of the fees sought related to the defense of his counterclaim, which was separate from the simple suit on a sworn account. He argues that SWBYP's counsel billed 68 hours at a rate of $150 per hour for services related to the counterclaim, resulting in $10,245 which should not be charged against him because the claims were not interrelated. SWBYP counters that while Cordova sought no affirmative relief by the time of trial, he used his counterclaims to obtain an offset for the amount he owed. Since the essence of Cordova's counterclaim was that a misrepresentation was made to induce the contract, SWBYP argues that it had to defeat Cordova's counterclaim in order to collect its debt and concludes that the claims were interrelated.

A party may recover attorney fees rendered in connection with all claims if they arise out of the same transaction and are "so interrelated that their prosecution or defense entails proof or denial of essentially the same facts." *Flint & Assocs. v. Intercontinental Pipe & Steel, Inc.,* 739 S.W.2d 622, 624–25 (Tex.App.-Dallas 1987, writ denied). Fees attributable to the defense of a counterclaim are not recoverable unless the facts necessary for the plaintiff to recover also serve to defeat the counterclaim. *RepublicBank Dallas, N.A. v. Shook,* 653 S.W.2d 278, 278 (Tex. 1983); *Crow v. Central Soya Co., Inc.,* 651 S.W.2d 392, 396 (Tex.App.-Fort Worth 1983, writ ref'd n.r.e.), *citing Wilkins v. Bain,* 615 S.W.2d 314 (Tex.Civ.App.-Dallas 1981, no writ).

During his opening statement, Cordova's counsel stated that Cordova could not demonstrate any actual damage to his business as a result of the alleged misrepresentations. He admitted that the counterclaim was "more in the nature of a defensive pleading where he [wa]s requesting ... some type of credit or offset that although the ad did come out, it did not come out in the form or fashion that was represented to him." Cordova also stipulated he had suffered no damages with regard to his DTPA claim. When Cordova's counsel was asked whether this stipulation also applied to Cordova's fraud claim, counsel admitted that the fraud claim was a defense, not a claim for affirmative relief.

Because Cordova pled his counterclaim as an affirmative defense, SWBYP had to overcome his claims of misrepresentation in order to prevail on its debt collection. *See RepublicBank,* 653 S.W.2d at 282. Consequently, an overlap existed in the time charged in developing the case and

SWBYP did not need to segregate its attorney's fees between claims. Point of Error No. Nine is overruled.

### Reasonableness Factors

In his remaining issues for review, Cordova argues that the fee award was unreasonable. Point of Error No. One is a global challenge to the reasonableness of the fee. In Point of Error No. Five he claims that the fees injured him while in Point of Error No. Six he argues that the fees prejudiced him. In Point of Error No. Seven, he argues that the fee did not bear a reasonable relationship to the amount in controversy. Point of Error No. Eight alleges that SWBYP's counsel overprepared the case. Point of Error No. Ten complains of the sufficiency of the evidence to support a finding that the fees were reasonable.

In determining whether the award is excessive, we are entitled to look at the entire record and to view the matter in the light of the testimony, the amount in controversy, the nature of the case, and our own common knowledge and experience as lawyers and judges. *McFadden v. Bresler Malls, Inc.*, 548 S.W.2d 789 (Tex. Civ.App.-Austin 1977, no writ); *Southland Life Insurance Co.*, 5 S.W.2d at 767; *Union National Life Insurance Company v. Reese*, 476 S.W.2d 928 (Tex.Civ.App.-Houston [14th Dist.] 1972, writ ref'd n.r.e.); *Capitol Life Insurance Company*, 468 S.W.2d at 535. The factors most frequently considered by courts in determining whether attorney's fees are reasonable are: (1) the time and labor involved, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Academy Corp. v. Interior Buildout & Turnkey Const., Inc.*, 21 S.W.3d 732, 741 (Tex.App.-Houston [14th Dist.] 2000, no pet.), citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex.1997).

### Relationship to Amount in Controversy

Attorney's fees must bear some reasonable relationship to the amount in controversy. *Republic Nat. Life Ins. Co. v. Heyward*, 568 S.W.2d 879 (Tex.Civ.App.-Eastland 1978, writ ref'd n.r.e.); *Union National Life Insurance Company*, 476 S.W.2d at 928; *Argonaut Ins. Co. v. ABC Steel Products Co., Inc.*, 582 S.W.2d 883 (Tex.Civ.App.-Texarkana 1979, writ ref'd n.r.e.). But the amount of damages awarded is but one factor in determining the reasonableness of a fee award. The award here was not excessive despite the fact that the fees were greater than the damages. *See Stuckey v. White*, 647 S.W.2d 35, 37 (Tex.App.-Houston [1st Dist.] 1982, no writ). Even fees which amount to three times the amount of actual damages may be reasonable, depending on the facts of the case. *See Murrco Agency, Inc. v. Ryan*, 800 S.W.2d 600, 602 (Tex.App.-Dallas 1990, no pet.)(fee award of $92,000 upheld where damages approximated $28,000). This was not a simple debt collection. By his counterclaim, Cordova requested damages for lost profits, attorney's fees, court costs, prejudgment interest, and exemplary damages. Despite

the knowledge that Cordova had no evidence of actual damages, this information was not related to SWBYP until the day of trial a year later. And so, as it turned out, the trial itself was not complicated. But the preparation was. Point of Error No. Seven is overruled.

### Overpreparation of Case

■ Cordova asserts that SWBYP's counsel overprepared the case. He maintains that 23.25 hours spent in trial preparation was unnecessary for a case involving only two witnesses and a five-minute conversation in which the alleged misrepresentations were made.

■ If the prevailing party has overprepared the case, then the party liable for attorney's fees should not be held responsible for time spent in overpreparation. *Giles v. Cardenas*, 697 S.W.2d 422, 430 (Tex.App.-San Antonio 1985, writ ref'd n.r.e.), *citing Wuagneux Builders, Inc. v. Candlewood Builders, Inc.*, 651 S.W.2d 919, 922 (Tex.App.-Fort Worth 1983, no writ); *Allied Finance Co. v. Garza*, 626 S.W.2d 120, 127 (Tex.App.-Corpus Christi 1981, writ ref'd n.r.e.). We disagree that the case was overworked. Due to the counterclaim, SWBYP had to conduct additional discovery. Cordova admitted the day of trial that he was not pursuing his counterclaim, a fact he had withheld for a year. While the trial turned out to be uncomplicated, SWBYP did not know that ahead of time. Point of Error No. Eight is overruled. Based upon the record, we conclude that the fee award was reasonable. Consequently, we find no abuse of discretion that has injured or prejudiced Cordova. Points of Error Nos. One, Five, and Six are overruled.

### Sufficiency of the Evidence

Finally, we turn to the sufficiency of the evidence to support the award. Cordova argues that the invoices submitted by SWBYP actually total $13,389 rather than the $17,590 as testified to at trial. In our own examination of the billing statements, we calculate a total of $14,747.19. SWBYP has conceded the mistake. We sustain Point of Error No. Ten and reform the judgment to reflect a fee award of $18,007 ($14,747–$225 + $3485). *See* TEX.R.APP.P. 43.3. The judgment is affirmed as reformed.