COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




ERNESTO PADILLA,

                            Appellant,

v.

NCJ DEVELOPMENT, INC.,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00319-CV

Appeal from the

County Court at Law Number Three

of El Paso County, Texas 

(TC# 2005-J00041-3) 





O P I N I O N

            This is a forcible detainer action initiated in a justice court by Appellee NCJ
Development, Inc. (“NCJ”). Appellant Ernesto Padilla appealed to the county court after the
justice court entered a judgment in favor of NCJ. The justice court determined that NCJ was
entitled to possession of the disputed property. After a bench trial, the county court also found
that NCJ was entitled to possession. Mr. Padilla brings this appeal, contending the judgment is
void because the justice court and the county court lacked subject matter jurisdiction. 
Additionally, Mr. Padilla argues NCJ presented insufficient evidence to sustain its award of
attorney’s fees. We affirm.
            On January 4, 2005, NCJ purchased the property located at 6417 Via Aventura in El Paso
County, Texas (“the property”) at a foreclosure sale. Midfirst Bank, the current mortgagee,
through Midland Mortgage Company (“Midland Mortgage”), the mortgage servicer, had declared
the mortgage on the property in default and appointed a substitute trustee to enforce the deed of
trust to secure payment of the mortgagee’s note. NCJ received a substitute trustee’s deed, which
recites Terry and Margaret Small as the grantors, however, at trial there was testimony that
Ernesto Padilla was the owner of the property at the time of foreclosure.
            Several months later after the foreclosure sale, NCJ sent a demand letter to Mr. Padilla to
vacate the property. After Mr. Padilla failed to vacate the property, NCJ filed a forcible detainer
action in justice court. Mr. Padilla appealed the justice court’s judgment in favor of NCJ to
county court and filed a counterclaim, alleging breach of contract, promissory estoppel, and
fraud. Eduardo Padilla (“Eduardo”), Mr. Padilla’s brother, also purported to intervene. On May
27, 2005, NCJ filed a motion to sever Mr. Padilla’s counterclaims and also Eduardo’s claims,
which were identical to those alleged by Mr. Padilla. On June 16, the trial court granted the
motion for severance.
            A bench trial was held on June 28, 2005. NCJ introduced into evidence the substitute
trustee’s deed, testimony from Joseph Navar, the president of NCJ, the notice to vacate, and the
August 11, 2004 agreed judgment from the 327th Judicial District Court of El Paso County, in
which Mr. Padilla agreed that Midland Mortgage was entitled to immediately foreclose the
property with the proceeds of the foreclosure sale to be applied against the balance due on the
judgment. NCJ also introduced evidence of its attorney’s fees.
            The trial court excluded evidence of the Padillas’ severed claims, but allowed Mr. Padilla
to make a bill, which included his oral testimony, cross-examination of Mr. Navar, and two
exhibits. In the offer of proof, Mr. Navar admitted that he received $5,000 as a nonrefundable
deposit in a purported transaction to sell the property back to Mr. Padilla. He denied that the fee
was a down payment. He did not remember the handwritten receipt. Mr. Navar did remember
executing a standard residential sale contract between NCJ and Eduardo. According to Mr.
Navar, the closing of the transaction was supposed to happen on some date in early February at
Lone Star Title, but neither Mr. Padilla nor Eduardo showed up at the closing.
            Mr. Padilla, however, testified that he thought he had purchased the property from NCJ
because he gave Mr. Navar $5,000 toward the purchase price and the company agreed to sell the
property to him and his brother. Mr. Navar never indicated to him that the money was a
nonrefundable payment. Mr. Padilla presented two exhibits: a handwritten receipt for the $5,000
and the residential sale contract. The handwritten receipt states:
1-14-05
I Joe Navar a representative of N.C.J. Development am in receipt of $5,000.00
cash for the purchase of 6417 Via Aventura Dr. El Paso TX 79912 sale price
$130,164.00. 
[Signature]

The residential sale contract indicates that NCJ was to be the seller and Eduardo was to be the
buyer of the property for the sale price of $130,164, with zero earnest money. The closing date
was listed as February 4, 2005. Besides listing his name as the buyer, no other information nor a
signature was provided by Eduardo. According to Mr. Padilla, he, Eduardo, and Mr. Navar filled
out the contract at Lone Star Title and Mr. Navar signed and initialed it. Mr. Padilla and Eduardo
went to the mortgage company and were ready to close on the property, but NCJ representatives
never showed up.
            After the hearing, the trial court entered a judgment in favor of NCJ and awarded $5,000
in attorney’s fees, plus costs of court, and separate conditional awards for appeal.
            The purpose of a forcible entry and detainer action is to provide a party with an
immediate legal remedy to obtain possession. Home Sav. Ass’n v. Ramirez, 600 S.W.2d 911, 913
(Tex.Civ.App.--Corpus Christi 1980, writ ref’d n.r.e.). Thus, the sole issue in a forcible detainer
action is who has the right to immediate possession of the premises. See Tex.R.Civ.P. 746 (“the
only issue shall be as to the right to actual possession; and the merits of the title shall not be
adjudicated”); Ward v. Malone, 115 S.W.3d 267, 270 (Tex.App.--Corpus Christi 2003, pet.
denied); Rice v. Pinney, 51 S.W.3d 705, 709 (Tex.App.--Dallas 2001, no pet.). To prevail, the
plaintiff need only show sufficient evidence of ownership to demonstrate a superior right to
immediate possession. Dormady v. Dinero Land & Cattle Co., L.C., 61 S.W.3d 555, 557
(Tex.App.--San Antonio 2001, pet. dism’d w.o.j.); Rice, 51 S.W.3d at 709.
            Jurisdiction over a forcible detainer suit is expressly given to the justice court in the
precinct where the property is located and on appeal, to the county court for a trial de novo. See
Tex.Prop.Code Ann. § 24.004 (Vernon 2000); Ward, 115 S.W.3d at 269. The appellate
jurisdiction of a statutory county court is confined to the jurisdictional limits of the justice court,
and the county court does not have appellate jurisdiction if the justice court did not initially have
jurisdiction. See Ward, 115 S.W.3d at 269; Aguilar v. Weber, 72 S.W.3d 729, 731 (Tex.App.--Waco 2002, no pet.). A justice court is expressly denied jurisdiction to adjudicate title to land. 
See Tex.Gov’t Code Ann. § 27.031(b)(4) (Vernon 2004); Rice, 51 S.W.3d at 708. Thus, where
the question of right to immediate possession necessarily requires resolution of the question of
title, the justice court has no jurisdiction to determine possession. Aguilar, 72 S.W.3d at 732;
Rice, 51 S.W.3d at 709; see also Dormady, 61 S.W.3d at 557 (“[I]f the question of title is so
intertwined with the issue of possession, then possession may not be adjudicated without first
determining title.”).
            Because a forcible detainer action is not exclusive, but cumulative, of any other remedy
that a party may have in the courts of this state, an aggrieved party may concurrently prosecute
any other possessory action, such as an action of trespass to try title, in the district court. 
Dormady, 61 S.W.3d at 558; Rice, 51 S.W.3d at 709; Haith v. Drake, 596 S.W.2d 194, 196-97
(Tex.Civ.App.--Houston [1st Dist.] 1980, writ ref’d n.r.e.).
            In Issue One, Mr. Padilla contends the forcible detainer judgment is void for lack of
subject matter jurisdiction because the question of title was not integrally linked to the issue of
possession that the right to possession could not be determined without first determining title. 
            Specific evidence of a title dispute is required to raise an issue of a justice court’s
jurisdiction. Falcon v. Ensignia, 976 S.W.2d 336, 338 (Tex.App.--Corpus Christi 1998, no pet.),
citing Sparkman v. State, 968 S.W.2d 373, 377-78 (Tex.App.--Tyler 1997, pet. ref’d). In this
case, Mr. Padilla asserts that there is a genuine title dispute over the property because he paid
$5,000 down on the home and expected to close with NCJ. Mr. Padilla claimed that the receipt
for $5,000 evinced a contract for sale of the property. However, this writing does not comply
with Section 26.01 of the Texas Business and Commerce Code, Statute of Frauds, as it fails to
contain essential elements of the agreement, such as identification of the buyer or a description of
how and when the purchase price balance was to be paid. See Tex.Bus & Com.Code Ann. §
26.01(a), (b)(4) (Vernon Supp. 2006); Cohen v. McCutchin, 565 S.W.2d 230, 232 (Tex. 1978)
(written memorandum must contain all the essential elements of the agreement, so that the
contract can be ascertained from the writings without resorting to oral testimony). With regard to
the standard residential sale contract, this partially executed contract was with Eduardo, not Mr.
Padilla. Based on the evidence presented in his bill, we find that Mr. Padilla did not raise a
genuine title dispute as to the issue of the justice court’s jurisdiction. We conclude the justice
court did have jurisdiction to determine the right of immediate possession because this
determination did not necessarily require it to resolve the question of title. Issue One is
overruled.
            In his second issue, Mr. Padilla argues NCJ failed to present adequate evidence for
attorney’s fees. Specifically, Mr. Padilla contends NCJ was required to present evidence of all
the factors that were identified by the Texas Supreme Court in Arthur Andersen & Co. v. Perry
Equipment Corp., 945 S.W.2d 812, 817-19 (Tex. 1997) to support an award of contingency
attorney’s fees. Mr. Padilla asserts that because NCJ’s attorney failed to address the majority of
the factors, NCJ should not be awarded any attorney’s fees.
Standard of Review
            The determination of reasonable attorney’s fees is a question for the trier of fact. Stewart
Title Guaranty Co. v. Sterling, 822 S.W.2d 1, 12 (Tex. 1991); Cordova v. Southwestern Bell
Yellow Pages, Inc., 148 S.W.3d 441, 445 (Tex.App.--El Paso 2004, no pet.). The amount of a
fee award rests in the sound discretion of the trial court, and its judgment will not be reversed on
appeal absent a clear abuse of discretion. Cordova, 148 S.W.3d at 445-46. Even though the
appropriate standard of review is abuse of discretion, we may nevertheless review a fee award for
sufficiency of the evidence. Sterling, 822 S.W.2d at 11; Cordova, 148 S.W.3d at 446. This
hybrid analysis requires a two-pronged inquiry: (1) Did the trial court have sufficient
information upon which to exercise its discretion; and (2) if so, did the trial court err in its
application of discretion? Cordova, 148 S.W.3d at 446. The traditional sufficiency review
comes into play with regard to the first question. Id. We then proceed to the determine whether,
based on the elicited evidence, the trial court made a reasonable decision. Id. Stated inversely,
we must conclude that the trial court’s decision was neither arbitrary nor unreasonable. Id.
            A trial court determines the reasonableness of an attorney’s fee award by considering the
factors enumerated in Arthur Andersen & Co. v. Perry Equipment Corp., 945 S.W.2d 812, 818
(Tex. 1997). These non-exclusive factors are: (1) the time and labor required, the novelty and
difficulty of the questions involved, and the skill required to perform the legal service properly;
(2) the likelihood that the acceptance of the particular employment will preclude other
employment by the lawyer; (3) the fee customarily charged in the locality for similar legal
services; (4) the amount involved and the results obtained; (5) the time limitations imposed by
the client or by the circumstances; (6) the nature and length of the professional relationship with
the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the
services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of
collection before the legal services have been rendered. Id., quoting Tex. Disciplinary R. Prof.
Conduct 1.04, reprinted in Tex. Gov’t Code Ann. tit. 2, subtit. G app. (State Bar Rules, art. X,
§ 9) (listing factors that may be considered in determining the reasonableness of a fee, but
without excluding other relevant factors); Cordova, 148 S.W.3d at 448.
            Turning to the sufficiency of the evidence to support the attorney’s fee award, the record
shows that NCJ retained the law firm of Scott, Hulse, Marshall, Feuille, Finger & Thurmond to
pursue the forcible detainer action. NCJ was represented at trial by Stuart Schwartz, who
testified that he has been a licensed attorney in the state of Texas since 1979, is a shareholder of
the law firm, and is Board Certified. Mr. Schwartz offered billing statements from March 14,
2005 to June 27, 2005. The statements detail the professional services rendered, which included
telephone conferences, preparation of legal documents, court appearances, legal research, and
trial preparation. In addition, Mr. Schwartz offered into evidence time and expense details
reports from March 14, 2005 to June 27, 2005. These reports show the services performed, the
time spent on the matter, and the hourly rate charged for the services. Mr. Schwartz testified that
not including attorney’s fees incurred in prosecuting the case that day, the total amount of
attorney’s fees was just over $5,000. He further testified that the amounts charged were
reasonable and necessary in order to pursue the case to a third phase, in particular, where it was
set for trial the prior week and a jury requested, but the parties had to return that week to
conclude the case. Mr. Schwartz also stated that the attorney’s fees were reasonable for El Paso
County, Texas. With regard to attorney’s fees on appeal, Mr. Schwartz testified that in the event
of appeal, he anticipated $3,000 for preparation of the brief, conducting necessary research, and
oral argument, if Mr. Padilla appealed to the Court of Appeals, and additional $3,000 if the case
was appealed to the Texas Supreme Court.
            Reviewing the record in light of the factors a trial court may consider in determining
whether attorney’s fees are reasonable, we conclude the trial court was presented with sufficient
evidence upon which to exercise its discretion. Specifically, the billing statements showed the
tasks performed, the time required to perform those tasks, and the fees charges per hour. Mr.
Schwartz’s testimony as to his legal background and expertise provided sufficient evidence of his
experience, reputation, and ability. Through his testimony, Mr. Schwartz also explained the time
limitations, the skill required to perform the services properly, and the labor required to prosecute
this particular case. In addition, Mr. Schwartz offered testimony that the fee was reasonable for
El Paso County, Texas. Contrary to Mr. Padilla’s contention, Arthur Andersen & Co. does not
require an attorney to present evidence of every factor in order to be entitled to an attorney’s fee
award. See Arthur Andersen & Co., 945 S.W.2d at 818. Based on the evidence presented, we
conclude the trial court did not abuse its discretion in its award of attorney’s fees. Issue Two is
overruled.
            We affirm the trial court’s judgment.
 
                                                                        DAVID WELLINGTON CHEW, Chief Justice

March 1, 2007

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment, not participating