Ernesto **PADILLA**, Appellant,

v.

**NCJ DEVELOPMENT, INC.**, Appellee.

No. 08–05–00319–CV.

Court of Appeals of Texas, El Paso.

March 1, 2007.

Rehearing Overruled April 11, 2007.

---

Thomas Wicker Jr., El Paso, for appellant.

Stuart R. Schwartz, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellee.

Before CHEW, C.J., McCLURE, J., and BARAJAS, C.J. (Ret.)

### OPINION

DAVID WELLINGTON CHEW, Chief Justice.

This is a forcible detainer action initiated in a justice court by Appellee NCJ Development, Inc. ("NCJ"). Appellant Ernesto Padilla appealed to the county court after the justice court entered a judgment in favor of NCJ. The justice court determined that NCJ was entitled to possession of the disputed property. After a bench trial, the county court also found that NCJ was entitled to possession. Mr. Padilla brings this appeal, contending the judgment is void because the justice court and the county court lacked subject matter jurisdiction. Additionally, Mr. Padilla argues NCJ presented insufficient evidence to sustain its award of attorney's fees. We affirm.

On January 4, 2005, NCJ purchased the property located at 6417 Via Aventura in El Paso County, Texas ("the property") at a foreclosure sale. Midfirst Bank, the current mortgagee, through Midland Mortgage Company ("Midland Mortgage"), the mortgage servicer, had declared the mortgage on the property in default and appointed a substitute trustee to enforce the deed of trust to secure payment of the mortgagee's note. NCJ received a substitute trustee's deed, which recites Terry and Margaret Small as the grantors, however, at trial there was testimony that Ernesto Padilla was the owner of the property at the time of foreclosure.

Several months later after the foreclosure sale, NCJ sent a demand letter to Mr. Padilla to vacate the property. After Mr. Padilla failed to vacate the property, NCJ filed a forcible detainer action in justice court. Mr. Padilla appealed the justice court's judgment in favor of NCJ to county court and filed a counterclaim, alleging breach of contract, promissory estoppel, and fraud. Eduardo Padilla ("Eduardo"), Mr. Padilla's brother, also purported to intervene. On May 27, 2005, NCJ filed a motion to sever Mr. Padilla's counterclaims and also Eduardo's claims, which were identical to those alleged by Mr. Padilla. On June 16, the trial court granted the motion for severance.

A bench trial was held on June 28, 2005. NCJ introduced into evidence the substitute trustee's deed, testimony from Joseph Navar, the president of NCJ, the notice to vacate, and the August 11, 2004 agreed judgment from the 327th Judicial District Court of El Paso County, in which Mr. Padilla agreed that Midland Mortgage was entitled to immediately foreclose the property with the proceeds of the foreclosure sale to be applied against the balance due on the judgment. NCJ also introduced evidence of its attorney's fees.

The trial court excluded evidence of the Padillas' severed claims, but allowed Mr. Padilla to make a bill, which included his oral testimony, cross-examination of Mr. Navar, and two exhibits. In the offer of proof, Mr. Navar admitted that he received $5,000 as a nonrefundable deposit in a purported transaction to sell the property back to Mr. Padilla. He denied that the fee was a down payment. He did not remember the handwritten receipt. Mr. Navar did remember executing a standard residential sale contract between NCJ and Eduardo. According to Mr. Navar, the closing of the transaction was supposed to happen on some date in early February at Lone Star Title, but neither Mr. Padilla nor Eduardo showed up at the closing.

Mr. Padilla, however, testified that he thought he had purchased the property from NCJ because he gave Mr. Navar $5,000 toward the purchase price and the company agreed to sell the property to him and his brother. Mr. Navar never indicated to him that the money was a nonrefundable payment. Mr. Padilla presented two exhibits: a handwritten receipt for the $5,000 and the residential sale contract. The handwritten receipt states:

1–14–05

I Joe Navar a representative of N.C.J. Development am in receipt of $5,000.00 cash for the purchase of 6417 Via Aventura Dr. El Paso TX 79912 sale price $130,164.00.

[Signature]

The residential sale contract indicates that NCJ was to be the seller and Eduardo was to be the buyer of the property for the sale price of $130,164, with zero earnest money. The closing date was listed as February 4, 2005. Besides listing his name as the buyer, no other information nor a signature was provided by Eduardo. According to Mr. Padilla, he, Eduardo, and Mr. Navar filled out the contract at Lone Star Title and Mr. Navar signed and initialed it. Mr. Padilla and Eduardo went to the mortgage company and were ready to close on the property, but NCJ representatives never showed up.

After the hearing, the trial court entered a judgment in favor of NCJ and awarded $5,000 in attorney's fees, plus costs of court, and separate conditional awards for appeal.

■■■ The purpose of a forcible entry and detainer action is to provide a party with an immediate legal remedy to obtain possession. *Home Sav. Ass'n v. Ramirez,* 600 S.W.2d 911, 913 (Tex.Civ.App.-Corpus Christi 1980, writ ref'd n.r.e.). Thus, the sole issue in a forcible detainer action is who has the right to immediate possession of the premises. *See* Tex.R.Civ.P. 746 ("the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated"); *Ward v. Malone,* 115 S.W.3d 267, 270 (Tex.App.-Corpus Christi 2003, pet. denied); *Rice v. Pinney,* 51 S.W.3d 705, 709 (Tex.App.-Dallas 2001, no pet.). To prevail, the plaintiff need only show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Dormady v. Dinero Land & Cattle Co., L.C.,* 61 S.W.3d 555, 557 (Tex.App.-San Antonio 2001, pet. dism'd w.o.j.); *Rice,* 51 S.W.3d at 709.

■ Jurisdiction over a forcible detainer suit is expressly given to the justice court in the precinct where the property is located and on appeal, to the county court for a trial *de novo*. *See* TEX.PROP.CODE ANN. § 24.004 (Vernon 2000); *Ward*, 115 S.W.3d at 269. The appellate jurisdiction of a statutory county court is confined to the jurisdictional limits of the justice court, and the county court does not have appellate jurisdiction if the justice court did not initially have jurisdiction. *See Ward*, 115 S.W.3d at 269; *Aguilar v. Weber*, 72 S.W.3d 729, 731 (Tex.App.-Waco 2002, no pet.). A justice court is expressly denied jurisdiction to adjudicate title to land. *See* TEX.GOV'T CODE ANN. § 27.031(b)(4) (Vernon 2004); *Rice*, 51 S.W.3d at 708. Thus, where the question of right to immediate possession necessarily requires resolution of the question of title, the justice court has no jurisdiction to determine possession. *Aguilar*, 72 S.W.3d at 732; *Rice*, 51 S.W.3d at 709; *see also Dormady*, 61 S.W.3d at 557 ("[I]f the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title.").

■ Because a forcible detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state, an aggrieved party may concurrently prosecute any other possessory action, such as an action of trespass to try title, in the district court. *Dormady*, 61 S.W.3d at 558; *Rice*, 51 S.W.3d at 709; *Haith v. Drake*, 596 S.W.2d 194, 196–97 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.).

In Issue One, Mr. Padilla contends the forcible detainer judgment is void for lack of subject matter jurisdiction because the question of title was not integrally linked to the issue of possession that the right to possession could not be determined without first determining title.

■ Specific evidence of a title dispute is required to raise an issue of a justice court's jurisdiction. *Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex.App.-Corpus Christi 1998, no pet.), citing *Sparkman v. State*, 968 S.W.2d 373, 377–78 (Tex.App.-Tyler 1997, pet. ref'd). In this case, Mr. Padilla asserts that there is a genuine title dispute over the property because he paid $5,000 down on the home and expected to close with NCJ. Mr. Padilla claimed that the receipt for $5,000 evinced a contract for sale of the property. However, this writing does not comply with Section 26.01 of the Texas Business and Commerce Code, Statute of Frauds, as it fails to contain essential elements of the agreement, such as identification of the buyer or a description of how and when the purchase price balance was to be paid. *See* TEX.BUS & COM.CODE ANN. § 26.01(a), (b)(4) (Vernon Supp.2006); *Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex.1978) (written memorandum must contain all the essential elements of the agreement, so that the contract can be ascertained from the writings without resorting to oral testimony). With regard to the standard residential sale contract, this partially executed contract was with Eduardo, not Mr. Padilla. Based on the evidence presented in his bill, we find that Mr. Padilla did not raise a genuine title dispute as to the issue of the justice court's jurisdiction. We conclude the justice court did have jurisdiction to determine the right of immediate possession because this determination did not necessarily require it to resolve the question of title. Issue One is overruled.

In his second issue, Mr. Padilla argues NCJ failed to present adequate evidence for attorney's fees. Specifically, Mr. Padilla contends NCJ was required to present evidence of all the factors that were identified by the Texas Supreme Court in *Arthur Andersen & Co. v. Perry Equip-*

*ment Corp.*, 945 S.W.2d 812, 817–19 (Tex. 1997) to support an award of contingency attorney's fees. Mr. Padilla asserts that because NCJ's attorney failed to address the majority of the factors, NCJ should not be awarded any attorney's fees.

### Standard of Review

 The determination of reasonable attorney's fees is a question for the trier of fact. *Stewart Title Guaranty Co. v. Sterling*, 822 S.W.2d 1, 12 (Tex.1991); *Cordova v. Southwestern Bell Yellow Pages, Inc.*, 148 S.W.3d 441, 445 (Tex. App.-El Paso 2004, no pet.). The amount of a fee award rests in the sound discretion of the trial court, and its judgment will not be reversed on appeal absent a clear abuse of discretion. *Cordova*, 148 S.W.3d at 445–46. Even though the appropriate standard of review is abuse of discretion, we may nevertheless review a fee award for sufficiency of the evidence. *Sterling*, 822 S.W.2d at 11; *Cordova*, 148 S.W.3d at 446. This hybrid analysis requires a two-pronged inquiry: (1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) if so, did the trial court err in its application of discretion? *Cordova*, 148 S.W.3d at 446. The traditional sufficiency review comes into play with regard to the first question. *Id.* We then proceed to the determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Id.* Stated inversely, we must conclude that the trial court's decision was neither arbitrary nor unreasonable. *Id.*

 A trial court determines the reasonableness of an attorney's fee award by considering the factors enumerated in *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex.1997). These non-exclusive factors are: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Id.*, quoting TEX. DISCIPLINARY R. PROF. CONDUCT 1.04, reprinted in TEX. GOV'T CODE ANN. tit. 2, subtit. G app. (State Bar Rules, art. X, § 9) (listing factors that may be considered in determining the reasonableness of a fee, but without excluding other relevant factors); *Cordova*, 148 S.W.3d at 448.

 Turning to the sufficiency of the evidence to support the attorney's fee award, the record shows that NCJ retained the law firm of Scott, Hulse, Marshall, Feuille, Finger & Thurmond to pursue the forcible detainer action. NCJ was represented at trial by Stuart Schwartz, who testified that he has been a licensed attorney in the state of Texas since 1979, is a shareholder of the law firm, and is Board Certified. Mr. Schwartz offered billing statements from March 14, 2005 to June 27, 2005. The statements detail the professional services rendered, which included telephone conferences, preparation of legal documents, court appearances, legal research, and trial preparation. In addition, Mr. Schwartz offered into evidence time and expense details reports from March 14, 2005 to June 27, 2005. These reports show the services performed, the time spent on the matter, and the hourly rate

charged for the services. Mr. Schwartz testified that not including attorney's fees incurred in prosecuting the case that day, the total amount of attorney's fees was just over $5,000. He further testified that the amounts charged were reasonable and necessary in order to pursue the case to a third phase, in particular, where it was set for trial the prior week and a jury requested, but the parties had to return that week to conclude the case. Mr. Schwartz also stated that the attorney's fees were reasonable for El Paso County, Texas. With regard to attorney's fees on appeal, Mr. Schwartz testified that in the event of appeal, he anticipated $3,000 for preparation of the brief, conducting necessary research, and oral argument, if Mr. Padilla appealed to the Court of Appeals, and additional $3,000 if the case was appealed to the Texas Supreme Court.

Reviewing the record in light of the factors a trial court may consider in determining whether attorney's fees are reasonable, we conclude the trial court was presented with sufficient evidence upon which to exercise its discretion. Specifically, the billing statements showed the tasks performed, the time required to perform those tasks, and the fees charges per hour. Mr. Schwartz's testimony as to his legal background and expertise provided sufficient evidence of his experience, reputation, and ability. Through his testimony, Mr. Schwartz also explained the time limitations, the skill required to perform the services properly, and the labor required to prosecute this particular case. In addition, Mr. Schwartz offered testimony that the fee was reasonable for El Paso County, Texas. Contrary to Mr. Padilla's contention, *Arthur Andersen & Co.* does not require an attorney to present evidence of every factor in order to be entitled to an attorney's fee award. *See Arthur Andersen & Co.*, 945 S.W.2d at 818. Based on the evidence presented, we conclude the trial court did not abuse its discretion in its award of attorney's fees. Issue Two is overruled.

We affirm the trial court's judgment.

BARAJAS, C.J. (Ret.), sitting by assignment, not participating.