COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § |  |
|---|---|---|
| LINDA BORUNDA, | | No. 08-13-00331-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | County Court at Law No. 3 |
| | § | |
| FEDERAL NATIONAL MORTGAGE | | of El Paso County, Texas |
| ASSOCIATION, | § | |
| | | (TC# 2013-CCV02324) |
| Appellee. | § | |

## O P I N I O N

Linda Borunda appeals a county court *de novo* judgment awarding immediate possession of a house located at 6166 East Yandell Drive in El Paso, Texas (the Property) to the Federal National Mortgage Association (Fannie Mae). We affirm.

## BACKGROUND

In 2007, Aurora Borunda entered into a reverse mortgage agreement with Financial Freedom Senior Funding Corporation (Financial Freedom), granting the corporation a deed of trust to the Property in exchange for $117,000. Per Paragraph 9 of the deed of trust, Financial Freedom had the right to "require immediate payment in full of all sums secured by this Security Instrument" upon Aurora's death (Paragraph 9(a)(i)), subject to the following notice requirements:

**9. Grounds for Acceleration of Debt.**

.        .        .

**(d) Notice to Secretary and Borrower.**  Lender shall notify the Secretary and Borrower whenever the loan becomes due and payable under Paragraph 9. Lender shall not have the right to commence foreclosure until Borrower has had thirty (30) days after notice to either:

(i)     Correct the matter which resulted in the Security Instrument coming due and payable; or
(ii)    Pay the balance in full; or
(iii)   Sell the Property for the lesser of the balance or 95% of the appraised value and apply the net proceeds of the sale toward the balance; or
(iv)   Provide the Lender with a deed in lieu of foreclosure.

Paragraph 22, the Foreclosure Clause, sets out Financial Freedom's powers of sale.  The Clause states that "[i]t is the express intention of Lender and Borrower that Lender shall have a fully enforceable lien on the property" and that the lien "may be foreclosed only by court order, if the foreclosure is for a ground other than those described in Paragraph 9(a)."  The Clause also states, in relevant part:

> If the Property is sold pursuant to this paragraph 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale.  If possession is not surrendered, Borrower or such person shall be tenants at sufferance and may be removed by writ of possession.

Aurora Borunda died on September 22, 2011.  She was survived by her daughter Linda Borunda, who resided with her in the Property, and her son Robert Gallego, who did not.  Aurora left a will naming Linda as her sole heir and executrix.  Linda forewent probating the will and instead filed an affidavit of heirship.

On October 3, 2012, Financial Freedom notified Linda that she had been approved to sell the house at a "short sale."  The approval letter stated that Borunda must provide ninety-five percent of the Property's appraised value "by the earlier of:  1) the expiration date of the current

2

appraisal [in this case, January 23, 2013] or 2) two (2) business days before any scheduled foreclosure sale date, if one has been scheduled." Borunda testified that she obtained a loan from Sierra Mortgage on December 15, 2012, but that when Sierra called Financial Freedom to arrange the transaction, Financial Freedom stated that the home had already been sold at foreclosure sale. The record does not show that Borunda ever timely tendered payment to Financial Freedom under the terms of the short sale letter. On January 8, 2013, Financial Freedom sold the Property to Fannie Mae at a foreclosure sale. Fannie Mae sent a written demand for possession on January 25, and filed suit on February 8.

The justice court granted a writ of possession. The county court on appeal and trial *de novo* also granted summary judgment in favor of Fannie Mae and issued a writ of possession. Borunda appealed to this Court.

## DISCUSSION

In one issue,[1] Borunda maintains that the county court lacked subject matter jurisdiction to enter a possession order because possession in this case is inextricably tied to resolution of a title dispute, or, alternatively, because the deed of trust's tenancy-at-sufferance clause is unenforceable against her. We disagree.

### *Standard of Review*

A forcible detainer action is an expedited proceeding intended to "provide a speedy, simple, and inexpensive means for resolving the question of the right to possession of premises" where no unlawful entry occurs. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex.App.-Dallas 2001, no pet.). The right to immediately possess real property is not necessarily contingent on proving full title, and "[t]he Texas Legislative has specifically bifurcated the questions of possession and

---

[1] Borunda initially raised a second issue, contending that the trial court committed reversible error by failing to issue findings of fact and conclusions of law. We abated this appeal and the trial court subsequently issued findings of fact and conclusions of law. Issue Two is overruled as moot.

title[] and placed jurisdiction for adjudicating those issues in separate courts." *Murray v. U.S. Bank Nat'l Ass'n*, 411 S.W.3d 926, 928 (Tex.App.--El Paso 2013, no pet.). We review jurisdictional questions *de novo*.

The justice courts have original jurisdiction over forcible detainer cases, which deal with the question of who has the superior right of immediate possession over real property. TEX.GOV'T CODE ANN. § 27.031(a)(2)(West Supp. 2015); *Murray*, 411 S.W.3d at 928. The justice court and, by extension, the county court sitting as an appellate court on trial *de novo* only have jurisdiction to consider the issue of possession, not title. *See* TEX.GOV'T CODE ANN. § 27.031(b)(4); TEX.R.CIV.P. 501.1[2]; *Padilla v. NCJ Dev., Inc.*, 218 S.W.3d 811, 814-15 (Tex.App.--El Paso 2007, pet. dism'd w.o.j.). Where the issue of immediate possession necessarily involves resolution of a title dispute, the justice court is divested of subject-matter jurisdiction and has no power to render judgment. *Padilla*, 218 S.W.3d at 815. Cases in which possession and title are inextricably intertwined are reserved for districts courts, which have the power to resolve title disputes. *Id*. However, where the issue of the superior right of possession can be determined separately from title issues, the justice court has jurisdiction to decide the case. *Id*.

"To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice*, 51 S.W.3d at 709. "Specific evidence of a title dispute is required to raise an issue of a justice court's jurisdiction." *Padilla*, 218 S.W.3d at 815. "If the right of

---

[2] Formerly TEX.R.CIV.P. 746 (1983, repealed by Supreme Court Order of April 15, 2013, eff. Aug. 31, 2013, Misc. Docket No. 13-9049, 76 TEX.B.J. 440). We note that the Texas Supreme Court repealed previous forcible detainer provisions of the Texas Rules of Civil Procedure and implemented new rules for eviction suits at TEX.R.CIV.P. 510 *et seq*. Fannie Mae filed its forcible detainer suit on February 8, 2013, before the changes to the Texas Rules of Civil Procedure took effect. We will nevertheless cite to the new Rules of Civil Procedure unless a material divergence requires us to cite to the rules effective at the time of suit.

recovery in a suit depends, at least in part, upon the title to land, but there is no real dispute between the parties over the question of title, the question of title is incidental." *Merit Mgmt. Partners I, L.P. v. Noelke*, 266 S.W.3d 637, 648 (Tex.App.--Austin 2008, no pet.).

*Analysis*

We conclude the county court at law had derivative jurisdiction from the justice court to resolve which party had the right to immediate possession of the Property.

The main thrust of Borunda's argument is that Fannie Mae had no right to possession under the deed of trust's tenant-at-sufferance clause because Fannie Mae could not establish that Financial Freedom properly conveyed its interest in the Property at foreclosure. Specifically, Borunda contends that Financial Freedom violated the terms of the deed of trust by failing to provide her or her half-brother Robert with adequate notice of the sale, by foreclosing prematurely, and by misleading her about how much time she had to exercise a curative purchase option that a Financial Freedom agent purportedly held out to her. Because, according to Borunda, Financial Freedom had no authority to conduct the predicate foreclosure sale, Fannie Mae's interest is void and it had no ability to invoke the tenant-at-sufferance clause in justice court.

Although Borunda raises what may be a legitimate title issue in her brief, i.e. that Financial Freedom's exercise of foreclosure rights under the deed of trust was defective, case law makes clear that determining the right to immediate possession does not hinge on resolving that title dispute here.[3] "The validity of a foreclosure sale may not be determined in a suit for

---

[3] Borunda does not argue that she actually tendered payment to Financial Freedom to pay off the lien under the short sale letter, nor does she point to any evidence indicating she did so. She has only shown on this record that she obtained approval for the loan. Absent a showing of payment or attempted payment, we cannot say there is an "intertwined" title dispute that would have precluded the justice court from exercising jurisdiction here. *Cf. Rodriguez v. Sullivan*, 484 S.W.2d 592, 593 (Tex.Civ.App.--El Paso 1972, no writ)(justice court lacked jurisdiction where possession dispute hinged on whether occupant had actually purchased the property and obtained title before subsequent purchaser supposedly obtained title).

5

forcible detainer[.]" *Tehuti v. Trans-Atlas Fin., Inc.*, No. 05-14-00126-CV, 2015 WL 1111400, at *2 (Tex.App.--Dallas March 12, 2015, pet. dism'd. w.o.j)(mem. op.); *see also Mekeel v. U.S. Bank Nat'l Ass'n*, 355 S.W.3d 349, 352-53 (Tex.App.--El Paso 2011, pet. dism'd). "When the party to be evicted is subject to a tenant-at-sufferance clause and the party seeking possession purchased the property at a foreclosure sale and gave proper notice requiring the occupants to vacate the premises, defects in the foreclosure process are not relevant to possession." *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 564 (Tex.App.--Houston [14th Dist.] 2014, no pet.).

Here, Fannie Mae's deed granted by Financial Freedom at the foreclosure sale is sufficient evidence of ownership for purposes of this proceeding. *Pinnacle Premier Props., Inc.*, 447 S.W.3d at 564. Further, Paragraph 22 of the deed of trust established a landlord-tenant relationship between Borunda and Fannie Mae that gave Fannie Mae a superior right of possession by naming Borunda as a tenant at sufferance upon foreclosure. *Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex.App.--Houston [1st Dist.] 2004, pet. denied). Under this paragraph, Fannie Mae was entitled to immediate possession of the Property following proper notice of eviction. *Id*. Borunda, of course, retains the right to test the ultimate validity of the foreclosure process and Fannie Mae's deed through a separate suit in district court. *Id*. at 71. But any title defects in the foreclosure sale as between Financial Freedom and Fannie Mae are not cognizable in the limited forcible detainer proceeding establishing immediate possession as between Borunda and deed-holder Fannie Mae.

Likewise, Borunda's argument that the tenant-at-sufferance clause cannot reach her because she was not a party to the deed of trust is unavailing. A grantor "cannot convey more than he has." *Pinnacle Premier Props., Inc.*, 447 S.W.3d at 564. "Thus, a grantor subject to a

6

tenant-at-sufferance clause cannot convey an interest in the property free of the clause." *Id*. Because Aurora Borunda encumbered her interest in the Property with a deed of trust containing a tenant-at-sufferance clause, any party claiming a derivative interest in the Property, including Linda Borunda, was also properly subject to the deed of trust's restrictions. *Pinnacle Premier Props., Inc.*, 447 S.W.3d at 564. Although Linda Borunda was not a party to the deed of trust, the tenant-at-sufferance clause binding the "Borrower or any person holding possession of the Property through Borrower . . ." is valid and enforceable against her.

Finally, Borunda contends that Fannie Mae lost the right to enforce the deed of trust's tenant-at-sufferance provisions once the foreclosure was consummated because the deed of trust dissolved and was subsumed into the trustee's deed under the merger doctrine. Borunda cites no authority supporting her contention that the merger doctrine applies under these circumstances. We will not decide this issue, as it presents another attempt to collaterally attack the validity of Fannie Mae's claim to equitable title. *Cf. Flag-Redfern Oil Co. v. Humble Expl. Co., Inc.*, 744 S.W.2d 6, 8 (Tex. 1987)(mortgage severs legal and equitable titles, vesting the homeowner with legal title and the mortgage company with equitable title in a deed of trust until satisfaction of the debt or foreclosure). Our sister courts have repeatedly held that tenant-at-suffereance clauses in a deed of trust are sufficient to allow a justice court to determine the issue of possession.

Fannie Mae bought the Property at a foreclosure sale. Further, the Property was encumbered by a deed of trust with a tenant-at-sufferance clause that could allow a justice court to determine the right of immediate possession independently of title. Therefore, the county court sitting as an appellate court *de novo* had jurisdiction to resolve the dispute presented.

### CONCLUSION

Appellant's issues are overruled. The judgment of the county court is affirmed.

November 18, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.