**Carol PASELK, Appellant**

v.

**BAYVIEW LOAN SERVICING, LLC, Appellee**

**No. 06-17-00012-CV**

Court of Appeals of Texas, Texarkana.

Date Submitted: June 29, 2017

Date Decided: August 10, 2017

Rehearing Denied September 12, 2017

Carol Paselk, Pro Se, Emory, TX.

Christopher S. Ferguson, Jack O'Boyle & Associates, Dallas, TX, for appellee.

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Opinion by Justice Burgess

Bayview Loan Servicing, LLC (Bayview), purchased the property located at 330 County Road 1169, Brashear, Texas 75420 (the Property)[1] at a public foreclosure sale. After acquiring a substitute trustee's deed, Bayview sent a notice to Carol Paselk and all other occupants of the Property requesting that they vacate the premises. Because Paselk failed to timely vacate the premises, Bayview filed a suit for forcible entry and detainer. The justice court rendered judgment for Bayview, and a trial de novo following Paselk's appeal of the justice court's decision to the County Court of Hopkins County yielded the same result.

On appeal, Paselk argues that the county court erred in granting judgment in Bayview's favor because the evidence was legally and factually insufficient to demonstrate either an event of default or that a deed of trust granted Bayview a right to the property.[2] Paselk further denies that she defaulted under the terms of the note and contends that, because she did not default, a "serious issue of Title" arose, depriving the justice and county courts of jurisdiction in this forcible entry and detainer case. Because Paselk cannot raise challenges to the underlying foreclosure proceeding or challenge title in this forcible entry and detainer lawsuit, we affirm the trial court's judgment.

---

1. The Property is comprised of 45.20 acres in the Juan Palvadore Survey, A-732, in Hopkins County, Texas.

2. Paselk's arguments on this point focus on the fact that Bayview was not listed as a party to the deed of trust.

## I. Factual Background

On March 9, 2004, borrowers Paselk and Myrle Reynolds executed a deed of trust in favor of lenders Ronald G. Ballem and Marilyn G. Ballem. The deed of trust recited that Paselk and Reynolds had borrowed $253,500.00 from the Ballems to secure the purchase price of the Property and that they were due to pay off the note "on or before 18 months after [the note's execution] date." The deed of trust further provided:

6. If there is a default on the Obligation or if Grantors fail to perform any of Grantors' obligations and the default continues after any required notice of the default and the time allowed to cure, Lenders may—

a. declare the unpaid principal balance and earned interest on the Obligation immediately due;

b. direct Trustee to foreclose this lien, in which case Lenders or Lenders' agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect . . .

. . . .

### C. Trustee's Rights and Duties

If directed by Lenders to foreclose this lien, Trustee will—

1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2. sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantors, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

. . . .

### D. General Provisions

1. If any of the Property is sold under this deed of trust, Grantors must immediately surrender possession to the purchaser. If Grantors fail to do so, Grantors will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2. Recitals in any trustee's deed conveying the Property will be presumed to be true.

. . . .

16. This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

. . . .

19. Grantors agree to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lenders' rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

After Paselk defaulted on the note, the substitute trustee held a foreclosure sale of the Property on the courthouse steps on September 6, 2016. The substitute trustee's deed demonstrated that Bayview purchased the Property on that date for $543,581.08. On November 8, 2016, Bayview sent Paselk a notice to vacate the premises. The letter stated that a forcible detainer suit would be filed if Paselk (and all other occupants) did not vacate the property.

When Paselk failed to vacate, Bayview filed a suit for forcible detainer to evict them from the Property in the Justice of the Peace Court, Precinct 1, Place 1, of Hopkins County, Texas. In accordance with a jury's verdict, the justice court rendered judgment for Bayview, awarding it possession of the Property. Paselk appealed the justice court's judgment to the County Court of Hopkins County, Texas. During its trial de novo, the county court admitted into evidence the substitute trus-

tee's deed, the deed of trust, and Bayview's notices to vacate the Property. The county court also rendered judgment of possession of the Property to Bayview. Paselk appeals.

## II. We Cannot Address Paselks's Complaints Related to the Underlying Foreclosure

█ To prevail on its forcible detainer action, Bayview was required to prove that (1) it owned the Property by virtue of the substitute trustee's deed, (2) Paselk became a tenant at sufferance when the Property was sold under the terms of the deed of trust, (3) it gave Paselk and the other occupants notice to vacate the premises, and (4) Paselk and the other occupants refused to vacate the premises. *See Tehuti v. Bank of N.Y. Mellon Trust Co., Nat'l Ass'n (Mellon)*, 517 S.W.3d 270, 273 n.5 (Tex. App.—Texarkana 2017, no pet.). Paselk's pro se brief does not appear to argue that Bayview failed to meet its burden.[3] Instead, Paselk relies on arguments affecting title.[4]

Specifically, Paselk attempts to challenge the propriety of the underlying foreclosure. Although the substitute trustee's deed recited that Paselk defaulted on the note, Paselk argues that the evidence is legally and factually insufficient to establish her default. She further argues that Bayview was not listed on the deed of trust, and she mistakenly believes that such fact must result in a finding that Bayview had no interest in the property, even though it is undisputed that Bayview purchased the Property at the foreclosure sale and obtained the substitute trustee's

deed. Relying on these arguments, Paselk contends that she has created serious issues of title that deprived the justice and county courts of jurisdiction.

█ In a suit for forcible entry and detainer, the right to actual possession of property, not title, is the sole issue for the court to decide. Tex. R. Civ. P. 510.3(e). It is "a special proceeding.... created to provide a speedy, simple, and inexpensive means for resolving the question of the right to possession of premises." *Mellon*, 517 S.W.3d at 273 (quoting *Mosely v. Am. Homes 4 Rent Props. Eight, LLC*, No. 02-15-00200-CV, 2015 WL 9942695, at *2 (Tex. App.—Fort Worth Dec. 10, 2015, pet. dism'd) (mem. op.)). "The right to immediately possess real property is not necessarily contingent on proving full title, and '[t]he Texas Legislative has specifically bifurcated the questions of possession and title[ ] and placed jurisdiction for adjudicating those issues in separate courts.'" *Id.* at 273–74 (quoting *Borunda v. Fed. Nat'l Mortg. Ass'n*, 511 S.W.3d 731, 734 (Tex. App.—El Paso 2015, no pet.) (second alteration in original)). While justice courts have original jurisdiction over forcible detainer cases, they do not have jurisdiction in trespass-to-try-title cases. Tex. Gov't Code Ann. § 27.031(a)(2), (b)(4) (West Supp. 2016). "Thus, 'the county court sitting as an appellate court on trial de novo only ha[s] jurisdiction to consider the issue of possession, not title.'" *Mellon*, 517 S.W.3d at 274 (quoting *Borunda*, 511 S.W.3d at 734).

█ Paselk argues that, because there is an alleged title defect, the justice

---

**3.** To the extent that Paselk's brief can be interpreted as raising a challenge to the matters relevant in a forcible entry and detainer proceeding, we conclude that the substitute trustee's deed, deed of trust, notices to vacate, and Paselk's testimony that she was currently occupying the premises established that Bayview met its burden of proof.

**4.** Paselk's arguments also rely on "affidavits of non-response," or "Commercial Affidavits," which were not admitted into evidence during trial before the county court. Accordingly, we will not consider them. *See In re J.L.G.*, No. 06-16-00087-CV, 2017 WL 1290895, at *8 (Tex. App.—Texarkana Apr. 6, 2017, no pet.) (mem. op.).

and county courts were deprived of jurisdiction over this case. It is true that "[w]here the issue of immediate possession necessarily involves resolution of a title dispute, the justice court is divested of subject-matter jurisdiction and has no power to render judgment." *Id.* (quoting *Borunda*, 511 S.W.3d at 734). "However, where the issue of the superior right of possession can be determined separately from title issues, the justice court has jurisdiction to decide the case." *Id.* (quoting *Borunda*, 511 S.W.3d at 734). As set forth above, the deed of trust specifically provided that Paselk would be considered a tenant at sufferance in the event of a foreclosure sale. "Where, as here, 'foreclosure pursuant to a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title to the property.' " *Id.* (quoting *Mosely*, 2015 WL 9942695, at *3).

Because issues involving title and the propriety of the underlying foreclosure were not before the justice or county courts in this forcible detainer action, we cannot address Paselk's arguments related to these matters. This is because "[t]he validity of a foreclosure sale may not be determined in a suit for forcible detainer but must be brought in a separate suit." *Id.* at 273 (quoting *Tehuti v. Trans-Atlas Fin., Inc.*, No. 05-14-00126-CV, 2015 WL 1111400, at *2 (Tex. App.—Dallas Mar. 12, 2015, pet. dism'd w.o.j.) (mem. op.)). For these reasons, we overrule all of Paselk's points of error on appeal.

### III. Conclusion

We affirm the trial court's judgment.