

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00031-CV

_____

SUENAN GOBER, Appellant

V.

BULKLEY PROPERTIES, LLC, Appellee

On Appeal from the 62nd District Court
Hopkins County, Texas
Trial Court No. CV43648

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Bulkley Properties, LLC, alleged that Suenan Gober failed to pay rent in accordance with her oral agreement to lease property located at 1506 San Jacinto Street, Sulphur Springs, Texas. After Bulkley's notices to Gober to vacate the property yielded no result, Bulkley filed an eviction suit in the Hopkins County Justice Court, Precinct 1 (the Eviction Suit). In response, Gober filed a motion to abate the Eviction Suit on grounds that she was currently litigating the question of ownership of the same property against Bulkley in the 62nd Judicial District Court of Hopkins County, Texas (the Title Dispute).[1] After summary judgment was entered against Gober in the Title Dispute, the trial court denied her motion to abate the Eviction Suit and entered judgment in Bulkley's favor.[2]

On appeal, Gober questions whether the trial court had subject-matter jurisdiction to decide the eviction complaint and argues that its failure to grant her motion to abate was erroneous. We affirm the judgment of eviction[3] because (1) the trial court had subject-matter jurisdiction over this

---

[1] In the Title Dispute, Gober had alleged that her agreement with Bulkley included an option to purchase the property by tendering $100,000.00 by December 2016. After Bulkley allegedly refused to accept the payment, Gober sought declaratory judgment that she was entitled to pay Bulkley the consideration and to receive a warranty deed to the residence. We reversed the summary judgment in the Title Dispute in Gober's appeal under cause number 06-18-00039-CR and remanded the case for further proceedings.

[2] The eviction judgment by the justice court granted Bulkley immediate possession of the property, required Gober to pay $4,061.62 in rent, $3,625.00 in attorney fees, and $117.00 in court costs. Trial de novo to the district court, following recusal by the judge of the county court, resulted in a judgment requiring Gober to pay $4,936.12 in rent, $5,800.00 in attorney fees, and court costs.

[3] On appeal from a forcible entry and detainer judgment, we have no jurisdiction to review the issue of possession if, as is the case here, the trial court makes an unchallenged finding that the property was not being used "for residential purposes only." TEX. PROP. CODE ANN. § 24.007 (West Supp. 2018); *see Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 569 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.); *Terra XXI, Ltd. v. AG Acceptance Corp.*, 280 S.W.3d 414, 416 (Tex. App.—Amarillo 2008, pet. denied). "The prohibition against considering possession includes consideration of any finding essential to the issue of, dependent on, or primarily concerned with the issue of possession." *Terra XXI*, 280 S.W.3d at 416; *see Praise Deliverance Church v. Jelinis, LLC*, 536 S.W.3d 849, 855

forcible entry and detainer case and (2) issues of title and possession were not so intertwined as to require abatement of the eviction suit.

*(1)*      *The Trial Court Had Subject-Matter Jurisdiction over this Forcible Entry and Detainer Case*

An action for forcible detainer is considered a special proceeding; its purpose is to determine quickly and inexpensively who has a right to possession of real property. *Tehuti v. Bank of New York Mellon Tr. Co., Nat'l Ass'n*, 517 S.W.3d 270, 273 (Tex. App.—Texarkana 2017, no pet.). One can establish the right to immediate possession without proving full title, since the questions of possession and title have been separated and assigned to different courts. *Id.* at 273–74; *see Borunda v. Fed. Nat'l Mortg. Ass'n*, 511 S.W.3d 731, 733–35 (Tex. App.—El Paso 2015, no pet.). Justice courts have original jurisdiction over forcible detainer cases, but not over the associated trespass-to-try-title cases. *Tehuti*, 517 S.W.3d at 274 (citing TEX. GOV'T CODE ANN. § 27.031(a)(2), (b)(4) (West Supp. 2018)).

In a forcible detainer action, a plaintiff need not prove title, but only a superior right to immediate possession. *Id.* (quoting *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.)). If the issue of possession requires a ruling on a title dispute, the justice court may not decide the right to possession. *Id.* (quoting *Borunda*, 511 S.W.3d at 734). But, the mere existence of a title dispute does not deprive a justice court of jurisdiction in a forcible detainer action.

---

(Tex. App.—Houston [1st Dist.] 2017, pet. denied); *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 431–32 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Volume Millwork, Inc. v. W. Houston Airport Corp.*, 218 S.W.3d 722, 726–27 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). Thus, Gober does not complain of, and we will not review, the district court's determinations regarding possession after its trial de novo. However, in spite of Section 24.007's prohibition, "we have jurisdiction to determine whether the lower court had jurisdiction." *Robles v. Rivera*, No. 05-17-00733-CV, 2018 WL 3120858, at *1 (Tex. App.—Dallas June 26, 2018, pet. filed) (mem. op.) (citing *Rice v. Pinney*, 51 S.W.3d 705, 707–08 (Tex. App.—Dallas 2001, no pet.)).

*Gresham v. US Bank Nat'l Ass'n*, No. 02-15-00337-CV, 2016 WL 1714211, at \*2 (Tex. App.—Fort Worth Apr. 28, 2016, no pet.) (mem. op.) (quoting *Fields v. Varrichio*, No. 02-15-00060-CV, 2015 WL 5778694, at \*2 (Tex. App.—Fort Worth Oct. 1, 2015, no pet.) (mem. op.)). If the superior right of possession can be decided without first deciding a title dispute, a justice court may award possession. *Tehuti*, 517 S.W.3d at 274 (quoting *Borunda*, 511 S.W.3d at 734).

Here, Bulkley demonstrated that the property was sold to it on December 31, 2015, and that "Gober, Individually and as Independent Executrix of the Estate of Imogene Gober," executed a warranty deed with co-grantors, Joe Mack Gober and Nona Lynne Gober, effectuating the transfer of property. According to Bulkley's manager, Clint Bulkley, Bulkley agreed to allow Gober to rent the same property. In satisfaction of two years' worth of rental payments, Gober deeded her interest in another property to Bulkley. Accordingly, Clint explained that Gober was to pay rent beginning January 1, 2018, but failed to do so. Bulkley's notices to vacate the premises listed Gober as a month-to-month tenant of the property. According to Clint, Gober had not complied with its notices to vacate the premises.

Although there were no pleadings on file asking the trial court to decide the issue of title, Gober challenges the trial court's jurisdiction to hear the Eviction Suit given the pendency of the Title Dispute.[4] To challenge a justice court's jurisdiction on the basis of a title dispute, there must be specific evidence of a title dispute that is determinative regarding the possession dispute.

---

[4]During the trial de novo, Gober's counsel stated,

> We have no quarrel with the fact that Mr. Bulkley or his LLC has title to the property, but that's just the beginning of it. The title to that property is what's in question in a court of appropriate jurisdiction . . . and until that is decided, Ms. Gober has made them aware that she does not intend to pay rent on property that she feels that she owns.

*Borunda*, 511 S.W.3d at 734 (quoting *Padilla v. NCJ Dev., Inc.*, 218 S.W.3d 811, 815 (Tex. App.—El Paso 2007, pet. dism'd w.o.j.)). "'If the right of recovery in a suit depends, at least in part, on the title to land, but there is no real dispute between the parties over the question of title, the question of title is incidental.'" *Id.* (quoting *Merit Mgmt. Partners I, L.P. v. Noelke*, 266 S.W.3d 637, 648 (Tex. App.—Austin 2008, no pet.)).

Our appellate record demonstrates that, in response to Bulkley's notices to vacate the premises, Gober penned a letter stating, "As you know, a suit against the LLC is pending . . . concerning the rightful ownership of the San Jacinto property . . . . Good funds have been available to pay the LLC for this property in accordance with our agreement since last November." The record also contains the order granting summary judgment against Gober on her action seeking a "declaration that she had the right to pay [Bulkley] a sum certain to receive a warranty deed to a property known as 1506 San Jacinto St." At trial, Gober's attorney asked, "Didn't you tell Mr. Bulkley that you weren't going to pay rent on this property, that you—your position is that you own it?" Gober responded, "Yes. I mean, that's what our—my position is. I've been trying to get him to live up to his obligation since 2016 December."

"One indication that a justice court, and county court on appeal, is called on to adjudicate title to real estate in a forcible detainer case—and, thus exceed its jurisdiction—is when a landlord-tenant relationship is lacking." *Yarto v. Gilliland*, 287 S.W.3d 83, 89 (Tex. App.—Corpus Christi 2009, no pet.) (quoting *Ward v. Malone*, 115 S.W.3d 267, 270 (Tex. App.—Corpus Christi 2003, pet. denied)). Here, Gober did not challenge Bulkley's legal title to the property, which it had acquired by virtue of the deed. Gober also did not dispute the landlord-tenant relationship for the

5

first two years. Rather, Gober argued that Bulkley had made some sort of agreement to allow her to purchase the property. Thus, Gober raised an argument in equity that potentially impacted the property's ownership. *See Yarto*, 287 S.W.3d at 89–90.

The trial court's jurisdiction turns on whether Gober raised a claim of equitable title, which would have divested the trial court of subject-matter jurisdiction, or simply a claim of equitable right to complete performance under the contract, "which is not a right that would have provided [Gober] with a superior right of [immediate] possession to the home." *Id.* (citing *Fandey v. Lee*, 880 S.W.2d 164, 170 (Tex. App.—El Paso 1994, writ denied)). The critical question is whether Gober asserted that she "fully performed all obligations under the . . . alleged oral contract." *Id.* at 91.

Here, the terms of the oral contract were undeveloped, and Gober neither alleged nor showed that she had actually tendered any money to Bulkley within the relevant time frame. Gober merely showed that "good funds" were available—not that the entire amount required by the terms of the contract was available and tendered by December 2016. Additionally, Gober's suit for declaratory judgment sought a declaration that "she had the right to pay" the money to Bulkley in exchange for a warranty deed. Therefore, because (1) Gober did not show she had fully performed under the terms of the oral contract and (2) her claim was for an equitable right to complete performance under the contract, Gober did not raise a claim that she had equitable title that could have provided her with a superior right to immediate possession of the property. *See id.*

We recognize that "a dispute involving not just whether a leasehold exists, but its extent and parameters, presents a title question for the district court," but this was not such a case. *Merit*

6

*Mgmt. Partners I, L.P. v. Noelke*, 266 S.W.3d 637, 643 (Tex. App.—Austin 2008, no pet.). Gober's pleadings in this case raised no claim of title. *See Villanueva v. Deutsche Bank Nat'l Tr. Co.*, No. 13-13-00393-CV, 2015 WL 602061, at *2 (Tex. App.—Corpus Christi Feb. 12, 2015, no pet.) (mem. op.) ("In this case, however, no genuine title dispute was ever raised in either the justice court or county court because [the defendant in the eviction suit] did not file any pleadings or counterclaims to raise that issue."). It was undisputed that Bulkley had legal title to the property, and Gober did not bring a claim of equitable title. There was, therefore, no title dispute raised that required resolution before the trial court's decision on the issue of immediate possession. Rather, at best, the evidence demonstrated that Gober raised claims in another case that could potentially entitle her to recover title to the property in the future.

Resolution of the Title Dispute was not necessary to determine whether Bulkley had a superior right to immediately possess the property and collect back payment of rent. Thus, the issue of title was incidental. The trial court had subject-matter jurisdiction to decide the Eviction Suit. Accordingly, we overrule this point of error.

*(2)*     *Issues of Title and Possession Were Not So Intertwined as to Require Abatement of the Eviction Suit*

Gober also argues that the trial court erred in failing to abate the Eviction Suit because the Title Dispute involved "the same parties and the same controversy." We disagree.

We review a decision on a plea in abatement for an abuse of discretion. *Reagan v. NPOT Partners I, L.P.,* No. 06-08-00071-CV, 2009 WL 763565, at *5 (Tex. App.—Texarkana Mar. 25, 2009, pet. denied) (mem. op.). "A court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Id.* "Under an abuse

of discretion review, we are not free to substitute our own judgment for the county court's judgment." *Id*. "An error in analyzing or applying the law is an abuse of discretion." *Id*.

If "two courts have concurrent jurisdiction to determine inherently intertwined issues, filing a dilatory plea in abatement is the proper method for drawing a court's attention to another court's possible dominant jurisdiction." *In re Puig*, 351 S.W.3d 301, 305–06 (orig. proceeding) (Tex. 2011) (per curiam). Generally, "the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts." *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding) (quoting *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974)). "As a result, when two suits are inherently interrelated, 'a plea in abatement in the second action must be granted'" unless an exception to the general rule applies. *Id*. Abatement of the second action is based on "principles of comity, convenience, and the necessity for an orderly procedure in the trial of contested issues." *Id.*

"On the other hand, if the issues of title and possession are not so intertwined, 'a forcible-detainer suit in justice court may run concurrently with another action in another court—even if the other action adjudicates matters that could result in a different determination of possession from that rendered in the forcible-detainer suit.'" *In re Am. Nat'l Inv'rs, Corp.*, No. 05-17-00937-CV, 2017 WL 6503101, at *2 (Tex. App.—Dallas Dec. 19, 2017, orig. proceeding) (mem. op.) (quoting *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 437 (Tex. App.—Houston [1st Dist.] 2007, no pet.)). "Matters relating to possession may even overlap in the two proceedings without affecting a [justice] court's jurisdiction to determine immediate possession." *Id.* The reason for

that is that resolving a forcible detainer action determines only the right to immediate possession, not the ultimate rights regarding title. *Id.* (citing *Hong Kong Dev.*, 229 S.W.3d at 437).

Where a decision on the right to possession does not depend on resolution of a title dispute, a justice court's action to abate the possession case until the title case is finalized abuses the justice court's discretion. *Meridien Hotels v. Lho Fin. P'ship I, L.P.*, 97 S.W.3d 731, 737–38 (Tex. App.—Dallas 2003, no pet.); *see In re Am. Homes for Rent Props. Eight, LLC*, 498 S.W.3d 153, 155–56 (Tex. App.—Dallas 2016, orig. proceeding).

Because the issues of possession and title were not so intertwined as to prevent the Eviction Suit and Title Dispute from running concurrently, we conclude that the trial court did not abuse its discretion in denying Gober's request to abate the case. We overrule this point of error.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:     January 9, 2019
Date Decided:       January 25, 2019


9