

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00098-CV

TODD RASH, Appellant

V.

SCOTTY BERRY, KELLY BERRY AND ALL OTHER OCCUPANTS OF
122 COUNTY ROAD 44450, PARIS, TX 75462, Appellees

On Appeal from the County Court
Lamar County, Texas
Trial Court No. C-11937

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Todd Rash filed a forcible detainer suit against Scotty Berry and Kelly Berry which, after being appealed to the County Court of Lamar County, was ultimately dismissed for lack of subject-matter jurisdiction.  On appeal, Rash argues that (1) he successfully amended his petition's incorrect reference to a leasehold relationship during trial by admitting into evidence a certified copy of a recorded deed and testifying as to the details of the title transfer; (2) based on that transfer of title, he established that the Berrys were tenants at sufferance and they improperly remained in possession of the property; and (3) the trial court erred by ruling that it lacked subject-matter jurisdiction.  Because Rash did not establish a landlord-tenant relationship with the Berrys, we conclude the trial court did not err in determining that it lacked subject-matter jurisdiction.  We affirm.

## I.    Background

The Berrys hired Rash, an attorney, to represent their son in a criminal case.  Testimony indicates that as payment for Rash's services, the Berrys executed a warranty deed transferring their property to Rash; a sales contract under which Rash sold the Berrys' property back to them for the sum of $50,000.00; and a promissory note specifying that the remainder of $49,500.00 due from the Berrys to Rash under the sales contract would be payable in monthly installments of $500.00 at six percent interest over 129 months.  Rash recorded the warranty deed with the county clerk of Lamar County.  The record does not contain any written lease agreement, but apparently Rash permitted the Berrys to remain on the property as they made payments to Rash

2

under the promissory note. The promissory note references a "Security Agreement," but no security agreement was included in our record.

Rash sent a letter to the Berrys in October 2023, purporting to accelerate the amount due under the note. Rash later sent notices to vacate to the Berrys. Subsequently, Rash filed a petition for forcible detainer in the Justice Court of Lamar County, Precinct 4, alleging that the Berrys breached the parties' written lease agreement by failing to make certain monthly payments. The Berrys answered with a general denial and several affirmative defenses, including fraud.

The justice court entered a judgment in favor of the Berrys, and Rash appealed to the county court. No new pleadings were filed, and the trial court later held a bench trial.

At trial, Rash testified that the Berrys "deeded the property to [him] in exchange for representing [their] son." Rash entered as exhibits the warranty deed, the contract for purchase and sale, and the promissory note. Rash testified, "With the contract to purchase, the defendant could remain in his house that he deeded to me by making payments." Rash testified that the Berrys made payments for about a year, but then he sent them a notice to vacate due to nonpayment. Rash requested possession of the property, unpaid payments, attorney fees, and costs of court.

Scotty testified that "[they] were lied to and tricked into signing" the property documents and "never even got to see [them]." Scotty said Rash "met [them] at Starbucks" and presented the documents to them "at 4:30, right before everything close[d]," and then they all ran to an attorney's office to get the documents notarized. Scotty stated that Rash said, "[I]t's what we

3

talked about," but stated, "[W]e never even held the papers, and we never got copies of nothing, not one thing."

Scotty said he was still paying taxes on the property. Scotty further said the only way he knew about the transfer was that the tax office could not find his property when he went to pay his taxes. Scotty testified that Rash "guaranteed [his son] probation," "[a]nd that's the only reason [they] signed the contract."

Scotty testified that they were "lied to, tricked," and "[taken] advantage of" by Rash, about both Rash's representation of their son and the property transfer. Scotty said neither he nor Kelly had a chance to look at the papers they signed. Scotty testified that he paid Rash every month until "he found out what was going on," that is, that Rash did not do what he said he was going to do and the criminal court allowed Rash to withdraw from their son's representation.

The trial court later entered an order of dismissal for lack of jurisdiction, and Rash appeals.

## II.  Jurisdiction

### A.  This Court's Jurisdiction

Subject-matter jurisdiction can "'be raised for the first time on appeal by the parties or by the court,' [and] a court is *obliged* to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it." *Tex. Dep't of Transp. v. Self*, 690 S.W.3d 12, 20 (Tex. 2024) (alteration in original) (quoting *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004), *superseded in part by statute as recognized in Tex. Disposal Sys.*

4

*Landfill, Inc. v. Travis Cnty. Appraisal Dist. ex rel. Crigler*, 694 S.W.3d 752, 759 n.33 (Tex. 2024)).

B. **Appellate Jurisdiction of County Court**

"Chapter 24 of the Texas Property Code grants justice courts 'jurisdiction in eviction suits,' including suits for . . . forcible detainer." *Westwood Motorcars, LLC v. Virtuolotry, LLC*, 689 S.W.3d 879, 883 (Tex. 2024) (quoting TEX. PROP. CODE ANN. § 24.004(a)); *see Tehuti v. Bank of N.Y. Mellon Tr. Co., N.A.*, 517 S.W.3d 270, 274 (Tex. App.—Texarkana 2017, no pet.) ("[J]ustice courts have original jurisdiction over forcible detainer cases . . . ." (citing TEX. GOV'T CODE ANN. § 27.031(a)(2), (b)(4))). An appeal from an eviction case is to the county court, and "[t]he case must be tried de novo." TEX. R. CIV. P. 510.10(c). "Although the justice court's judgment may be appealed to county court, 'the county court has no greater jurisdiction than the justice court had.'" *Westwood Motorcars*, 689 S.W.3d at 883 (quoting *Tellez v. Rodriguez*, 612 S.W.3d 707, 709 (Tex. App.—Houston [14th Dist.] 2020, no pet.)).

C. **Nature of Forcible Detainer**

"A forcible detainer action is a special proceeding . . . created to provide a speedy, simple, and inexpensive means for resolving the question of the right to possession of premises." *Tehuti*, 517 S.W.3d at 273 (quoting *Mosely v. Am. Homes 4 Rent Props. Eight, LLC*, No. 02-15-00200-CV, 2015 WL 9942695, at *2 (Tex. App.—Fort Worth Dec. 10, 2015, pet. dism'd) (mem. op.)).

> To establish a superior right to immediate possession, [a forcible-detainer plaintiff] ha[s] the burden to prove (1) [he] owns the property, (2) [the defendant] is either a tenant at will, tenant at sufferance, or a tenant or subtenant willfully holding over after the termination of the tenant's right of possession, (3) [the

plaintiff] gave proper notice to [the tenant] to vacate the premises, and (4) [the tenant] refused to vacate the premises.

*Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017).

"The right to immediately possess real property is not necessarily contingent on proving full title, and '[t]he Texas [Legislature] has specifically bifurcated the questions of possession and title[] and placed jurisdiction for adjudicating those issues in separate courts.'" *Tehuti*, 517 S.W.3d at 273–74 (alterations in original) (quoting *Borunda v. Fed. Nat'l Mortg. Ass'n*, 511 S.W.3d 731, 734 (Tex. App.—El Paso 2013, no pet.)). "While the justice courts have original jurisdiction over forcible detainer cases, they do not have jurisdiction in a trespass-to-try-title case." *Id.* at 274 (citing TEX. GOV'T CODE ANN. § 27.031(a)(2), (b)(4)). "Thus, 'the county court sitting as an appellate court on trial *de novo* only ha[s] jurisdiction to consider the issue of possession, not title.'" *Id.* (alteration in original) (quoting *Borunda*, 511 S.W.3d at 734).

"To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Id.* (quoting *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.)). "Thus, '[w]here the issue of immediate possession necessarily involves resolution of a title dispute, the justice court is divested of subject-matter jurisdiction and has no power to render judgment.'" *Id.* (alteration in original) (quoting *Borunda*, 511 S.W.3d at 734). "However, where the issue of the superior right of possession can be determined separately from title issues, the justice court has jurisdiction to decide the case." *Id.* (quoting *Borunda*, 511 S.W.3d at 734).

6

### III.     Standard of Review

"Whether a [trial] court has subject matter jurisdiction is a question of law [that an appellate court] review[s] de novo." *Tex. Disposal Sys. Landfill*, 694 S.W.3d at 757.

### IV.     Analysis

Rash presents three issues on appeal, addressing the trial court's subject-matter jurisdiction last.  We reorder the issues to first discuss whether the trial court wrongly determined it lacked subject-matter jurisdiction to hear Rash's suit.

Rash filed his forcible detainer suit in the justice court, and when the justice court entered judgment for the Berrys, Rash appealed to the county court.  The record does not indicate that Rash amended his petition in the county court—apparently, he proceeded on the petition he had filed in the justice court—a petition styled "Original Verified Petition for Forcible Detainer."  In that petition, Rash stated, "Plaintiff entered into a written lease with the Defendants.  Said lease had a commencement date of October 26, 2022. . . . The Parties agreed to monthly payments of $500.00."  The petition further urged that the Berrys had breached the lease by failing to make payments and "owed $5,500.00 in past due installment payments."

The trial court determined it had no jurisdiction over the forcible detainer suit because Rash "failed to establish any basis for subject matter jurisdiction" as he did not show a "landlord-tenant relationship independent of the claimed right to title."

Although Rash alleged the existence of a landlord-tenant relationship in his petition, he did not prove that relationship at trial.  In fact, on appeal, Rash claims that his petition incorrectly urged that there was a leasehold relationship between the Berrys and him.  Rash cites Rule 66 of

7

the Texas Rules of Civil Procedure regarding trial amendments and claims to have corrected that error at trial. Yet, Rash does not cite any request in the record, through an amended pleading or a request by his counsel at trial, demonstrating that he indicated to the trial court an intent to amend his petition, even after the trial court clearly stated on the record following the hearing that its ruling was based on the lack of a landlord-tenant relationship.

"Throughout the years, Texas courts have repeatedly observed that '[a] forcible detainer action is *dependent* on proof of a landlord-tenant relationship.'" *See Guerrero v. Equity Tr. FBO Jed Silverman IRA*, No. 14-21-00136-CV, 2022 WL 11551139, at \*4 (Tex. App.—Houston [14th Dist.] Oct. 20, 2022, pet. denied) (mem. op.) (alteration in original) (quoting *Dent v. Pines*, 394 S.W.2d 266, 268 (Tex. App.—Houston [1st Dist.] 1965, no writ) (collecting cases)); *see Jaimes v. Mersha*, No. 06-15-00079-CV, 2016 WL 2609291, at \*2 (Tex. App.—Texarkana May 6, 2016, no pet.) (mem. op.). "[W]ithout a landlord-tenant relationship, a justice court cannot determine the issue of immediate possession without first determining who has title to the property." *Sanders v. Vaughan*, No. 06-21-00119-CV, 2022 WL 4002909, at \*3 (Tex. App.—Texarkana Sept. 2, 2022, no pet.) (mem. op.) (alteration in original) (quoting *Anderson v. Chandler*, No. 12-16-00299-CV, 2017 WL 2829329, at \*3 (Tex. App.—Tyler June 30, 2017, no pet.) (mem. op.)). And "justice courts . . . do not have jurisdiction in a trespass-to-try-title case." *Tehuti*, 517 S.W.3d at 274.

Though Rash seeks relief via forcible entry and detainer, he failed to prove the Berrys' tenancy status.[1]  Said differently, Rash did not prove a landlord-tenant relationship with the Berrys.  Consequently, this presents a possession question that turns on title, a matter outside the scope of forcible entry and detainer.  *See Guerrero*, 2022 WL 11551139, at *4.  "The justice court, and the county court on appeal, were without jurisdiction to make such a determination." *Id.*  Accordingly, we conclude the trial court did not err in concluding it did not have jurisdiction over Rash's forcible detainer suit.

We overrule Rash's third issue.  Having concluded that the trial court lacked jurisdiction, we likewise conclude we lack jurisdiction to address Rash's two remaining issues.

## V.    Conclusion

We affirm the trial court's order dismissing this matter for lack of jurisdiction.


Jeff Rambin
Justice

Date Submitted:     July 11, 2025
Date Decided:       November 18, 2025

---

[1] Inexplicably, while maintaining the position that he lacked a landlord-tenant relationship with the Berrys, Rash also argues he established that the Berrys were tenants at sufferance.  Rash cites only two cases supporting his arguments:  *Reynoso v. Dibs US, Inc.*, 541 S.W.3d 331 (Tex. App.—Houston [14th Dist.] 2017, no pet.) and *Tuttle v. Builes*, 572 S.W.3d 344 (Tex. App.—Eastland 2019, no pet.).  Rash cites those cases for the proposition that "[o]ccupants of real property become tenants at sufferance after [a] title owner terminates the occupants' right of possession."

*Reynoso* and *Tuttle* are inapplicable here.  Both of those cases involved a landlord-tenant relationship in which a security instrument addressed a holdover tenant's status.  *Reynoso*, 541 S.W.3d at 337–38; *Tuttle*, 572 S.W.3d at 353–54.

9